IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONNY RAY WELCH | § | |
| v. | § | CIVIL ACTION NO. 6:09cv276 |
| JOHN / JANE DOE, UNIT HEALTH AUTHORITY, GURNEY UNIT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Donny Welch, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Welch originally filed this lawsuit in the Northern District of Texas, raising claims against prison officials around the state. The U.S. District Court for the Northern District of Texas split up the lawsuit and transferred the portions to the courts of appropriate venue. Welch's claims which arose in the Eastern District of Texas occurred at the Gurney Unit, and so this Court ordered Welch to file an amended complaint setting out only his claims which occurred at the Gurney Unit. Welch filed his amended complaint on August 14, 2009.

In his original complaint and the amended complaint, Welch says that his knee gave out due to grossly inadequate medical treatment in October of 2006, while he was confined at the Gurney Unit. He complained of pain and the risk of injury, but was ignored, and he says that he was threatened with disciplinary action if he continued to ask for help. Welch's amended complaint

1

which he filed in his lawsuit in the Northern District of Texas indicates that he left the Gurney Unit in December of 2006.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed because of the expiration of the statute of limitations. The Magistrate Judge noted that although Welch left the Gurney Unit in December of 2006, he did not sign his complaint until April of 2009, well over two years later.

The Magistrate Judge also noted that Welch filed a Step One grievance on May 11, 2007, and pursued his remedies through the Step Two decision, which was signed on August 7, 2007. The Magistrate Judge acknowledged that the statute of limitations is tolled while the grievances were pending, but that even if Welch had left the Gurney Unit on December 31, 2006, the statute of limitations still expired two days prior to his signing the complaint when the tolling provision is factored in.

Welch filed objections to the Magistrate Judge's Report on October 1, 2009. In his objections, Welch says first that the grievances do not travel through the mail and so it can take five days to a month to get it back; he says that he should receive three additional days for filing his complaint, making it timely, asking "how can a deadline begin for me before I knew the decision."

Second, Welch says that his cause of action "began on my first day in TDCJ custody and is still continuing to this present day." He asks how a deadline can begin on an "ongoing civil right violation."

Third, Welch refers to the threat of disciplinary action if he complained again, saying that the time it took him to begin the process of getting help was affected by this threat. He also says that he went through "a period of mental instability" during this time, although he does not specify the time to which he is referring.

Fourth, Welch says that he tried to resolve the situation in "many ways" prior to bringing suit, including contacting the directors of the medical agencies. Continuing that theme, he says, fifth, that he has a "severe mental illness" and a limited knowledge of legal issues, and that he has had to rely

2

on help from other inmates. Finally, Welch says that lawsuits can only be dismissed as frivolous if they allege facts "rising to the level of the irrational or wholly incredible," and so if the Court decides to dismiss his case, it should not be dismissed as frivolous so as to count as a strike within the meaning of Section 1915(g).

As the Magistrate Judge observed, Welch says that he left the Gurney Unit at some point in December of 2006. Under TDCJ rules, grievances must be filed within 15 days of the incident in question. *See* TDCJ Offender Orientation Handbook, p. 52 (available online at http://www.tdcj.state.tx.us/publications/cid/publications-cid-offender-orientation-handbook.htm). Thus, the grievance which Welch filed in May of 2007 could not properly have complained about any incidents occurring at the Gurney Unit during or prior to December of 2006; for this reason, it is questionable whether this grievance would serve to toll the limitations period for this lawsuit, which concerns the incidents which occurred on the Gurney Unit during or prior to December of 2006. *See* Woodford v. Ngo, 126 S.Ct. 2378, 2387-88 (2006) (inmates must *properly* exhaust administrative remedies and the prison's grievance requirements control what constitutes proper exhaustion through the prison grievance procedures).

Even assuming that this grievance does serve to exhaust administrative remedies, however, the Magistrate Judge correctly concluded that the limitations period expired even when the time during which this grievance was pending is tolled. There is no "mailbox rule" applicable to prison grievances, and so the time during which the limitations period is tolled is the time during which the grievance is pending, which is the time between the filing of the Step One grievance, and the date of the Step Two answer. The Magistrate Judge correctly computed the time so as to calculate that even if Welch left the Gurney Unit on December 31, making that the last date for the accrual of his claim against individuals on the Gurney Unit, the limitations period for claims against defendants on the Gurney Unit still expired prior to the filing of the lawsuit. Welch's first objection is without merit.

Second, Welch asserts that the violations are ongoing and so the limitations period cannot have expired. While his claims regarding the alleged denial of medical care may be ongoing, he fails to show that the defendants at the Gurney Unit are still involved in any of these claims. Rather, any involvement by officials at the Gurney Unit ended when he left that unit, in December of 2006. *See generally* Abrams v. Baylor College of Medicine, 805 F.2d 528, 532 (5th Cir. 1986) (noting that "a series of discrete acts" cannot fall within the continuing violation theory). In this case, Welch is complaining of a series of discrete acts; he says that he was denied medical care at the Gurney Unit, and then other officials on other units denied him medical care after he was transferred. Welch makes no showing that these actions were connected or that the actions by other officials on other units were connected to the actions taken at the Gurney Unit. His claim that the limitations period was set off by "continuing violations" is without merit.

Welch's third objection refers to a threat of disciplinary action which he received at the Gurney Unit as well as an undefined "period of mental instability." He offers nothing to show why he could not have initiated action against the Gurney Unit officials in a prompt manner once he had departed that unit in December of 2006. His vague allegations about "mental illness" or "mental instability" do not show that the limitations period should be tolled. This objection is without merit.

The fact that Welch tried to resolve the situation in other ways, apart from grievances, did not toll the limitations period. As noted above, his inchoate claims of a "severe mental disorder" are not sufficient to show that the limitations period should be tolled. Nor does the claim that Welch had a limited knowledge of legal matters operate to toll the limitations period. These objections are without merit.

Finally, Welch says that a case can be dismissed as frivolous only if the allegations rise to the level of the irrational or wholly incredible, which his does not, and so if the case is dismissed, it should not be dismissed as frivolous. As the Magistrate Judge pointed out, cases may be dismissed as frivolous on the ground of legal or factual frivolousness. A case is legally frivolous where it is based on an indisputably meritless legal theory or no relief could be granted under any set of facts

4

which could be proven consistent with the allegations, while a case is factually frivolous if the allegations rise to the level of the incredible or wholly irrational. Neitzke v. Williams, 490 U.S. 319, 325-27 (1989). In this case, Welch's complaint is legally frivolous because it is barred by the statute of limitations. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (district court may *sua sponte* dismiss a claim as frivolous on statute-of-limitations grounds if it is clear from the complaint that the claims are time-barred). The Magistrate Judge did not recommend dismissal of the claims as factually frivolous, but rather as legally frivolous. Welch's objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted, because of the expiration of the statute of limitations. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So ORDERED and SIGNED this 13th day of October, 2009.

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**